**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In the Matter of an Application to
Enforce an Administrative Subpoena of the

U.S. Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661

Applicant,

v.

InfoFox, LLC
20261 Acacia Street #200
Newport Beach, CA 92660

Respondent.

Misc. Action Number:

**APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS**

**SUMMARY**

1. On January 23, 2012, Applicant, the U.S. Commodity Futures Trading Commission (the "Commission" or "CFTC"), issued an administrative subpoena *duces tecum* to InfoFox, LLC ("Respondent"), requiring it to produce documents by February 3, 2012.

2. Respondent failed to produce documents by the designated date and, to date, has failed to produce any documents. Instead, after several requests for additional time, on April 16, 2012, counsel for Respondent notified the Commission that Respondent would not be responding to the subpoena until the Commission provided more information about its investigation. There is no legal basis for this request.

3. The Commission brings this action pursuant to Section 6(c) of the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at, 7 U.S.C. § 15 (2011), and applies to this Court for an Order to Show Cause, in the form attached, requiring Respondent to show cause why it should not be ordered by this Court to: (a) provide all requested documents, as required by the administrative subpoena *duces tecum* issued by the Commission and duly served upon it as part of an on-going investigation being conducted by the Commission; (b) provide a notarized affidavit that authenticates the materials and certifies that the production is complete as required by the administrative subpoena *duces tecum*; and (c) produce a privilege log for any documents withheld from production on the basis of privilege that comports with Federal Rule of Civil Procedure 26(b)(5). The Commission also seeks an order requiring compliance with the subpoena.

**JURISDICTION AND VENUE**

4. Applicant, the Commission, is an independent federal regulatory agency that is charged by Congress with the responsibility for administering and enforcing the provisions of the Act, and the Commission Regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq*. (2011).

5. The confidential Commission investigation is entitled "In the Matter of Certain Persons Engaged in Unlawful Retail Commodity Transactions," and is being conducted by the

Commission's Division of Enforcement ("Division"). The attorneys and investigators working on this investigation are assigned to the CFTC's Central Regional office located in Chicago, Illinois; the Division documents relating to the investigation are stored in the Chicago, Illinois office; and the subpoena was issued from, and is returnable to the Chicago, Illinois office.

6. Section 6(c) of the Act, 7 U.S.C. § 15, confers jurisdiction upon this Court to enforce administrative subpoenas issued by the Applicant Commission.

**RESPONDENT**

7. Respondent InfoFox, LLC is a California Limited Liability Corporation with a principal place of business in Newport Beach, California. Respondent is not registered with the Commission.

**THE ADMINISTRATIVE SUBPOENA**

8. On November 15, 2011, the Commission issued a formal order of investigation entitled "In the Matter of Certain Persons Engaged in Unlawful Retail Commodity Transactions," (the "Order") pursuant to Sections 6(c) and 8(a)(1) of the Act, 7 U.S.C. §§ 15 and 12(a)(1). The Order was issued, among other things, for the purpose of determining whether any person, firm, or entity, in connection with retail commodity transactions has engaged, is engaging, or is about to engage in any acts or practices in violation of Sections 4(a), 4b, and/or 6(c)(1) of the Act and the Commission's Regulations ("Regulations"), 17 C.F.R. § 1.1 *et seq*. (2011). The Order designates Division staff members to subpoena witnesses and compel their attendance, administer oaths and affirmations, take evidence, and require the production of any books, papers, correspondence, memoranda, records and other tangible things relevant or material to an investigation being conducted pursuant to Sections 6(c) and 8(a)(1) of the Act. *See* Declaration of Joseph A. Konizeski in Support of Application for an Order to Show Cause

and an Order Requiring Compliance with Administrative Subpoena ("Konizeski Decl."), ¶ 2 and Exhibit A.

9. During the course of the investigation, the Division learned that Respondent, which provides lists of customer leads to certain retail commodity dealers, is likely in possession of documents relevant to the investigation. *Id*. ¶ 4. In particular, the Division seeks copies of these lead lists, which will assist the Division in determining how retail commodity dealers solicit customers. *Id.*

10. On January 23, 2012, pursuant to the Order, the Division issued a subpoena *duces tecum* ("January 23 Subpoena") to Respondent requiring it to produce, on or before February 3, 2012, documents related to its relationship with a particular retail commodity dealer and its lead generation process. *See id.* ¶ 5.

11. The Division lawfully served the January 23 Subpoena via U.S. Postal Service Certified Mail on Respondent at 20261 Acacia Street #200, Newport Beach, CA 92660. *See id.*

12. As indicated by the numerous email messages from Respondent's counsel, Respondent had actual notice of the January 23 Subpoena. *See id.* ¶¶ 6, 8-9, 11-12.

13. To date, Respondent has failed to produce any documents in response to the January 23 Subpoena. *Id*. ¶¶ 6-12. Instead, after requesting several extensions to the subpoena return date, on April 16, 2012, counsel for Respondent sent the Division a letter complaining that the January 23 Subpoena is "inclusive of virtually the entire documentary operations" of Respondent and stating that Respondent would not comply with the subpoena until the Division provided additional information about the nature of its investigation and whether Respondent was considered a "Target" or a "Person of Interest." *See id.* ¶ 12, Exhibit I. Respondent did not

cite any legal authority in support of its claim that the Commission must provide such information before complying with the January 23 Subpoena. *See id.*

14. The subpoena is appropriate in scope and not unduly burdensome or over broad. Not only is there no legal basis for Respondent's demand for additional information regarding the Division's investigation, but the Division is required, pursuant to Section 8 of the Act, 7 U.S.C. § 12, to keep information obtained in the course of its investigations confidential.

15. The production of documents by Respondent is relevant to the Commission's investigation in order to determine if there have been any violations of the Act or Regulations. Therefore, the Commission seeks to have this Court enforce the subpoena and compel Respondent to product documents.

16. The relief requested herein has not been previously requested of this Court or any other Court or tribunal.

17. In further support of this Application, the Commission submits and incorporates its Memorandum in Support of Application for an Order to Show Cause and an Order Requiring Compliance with Administrative Subpoena, which sets forth the basis for the Commission's claims for the relief requested.

WHEREFORE, the Commission respectfully requests that this Court:

A. Enter an Order to Show Cause requiring Respondent to appear before this Court on a date to be fixed to show cause, if any, why it should not be compelled to comply with the subpoena served upon it dated January 23, 2012;

B. Enter an Order requiring Respondent to appear and produce documents by a date certain;

C. Grant such other and further relief as the Court deems just and proper.

Dated: June 8, 2012

Respectfully submitted,

/s/ Jennifer E. Smiley
Jennifer E. Smiley
Scott Williamson
Rosemary Hollinger
U.S. COMMODITY FUTURES
TRADING COMMISSION
Division of Enforcement
525 West Monroe Street, Suite 1100
Chicago, IL 60661
(312) 596-0530 (Smiley)
(312) 596-0714 (facsimile)
jsmiley@cftc.gov