**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| In the Matter of an Application to<br>Enforce an Administrative Subpoena of the<br><br>U.S. Commodity Futures Trading Commission<br>525 West Monroe Street, Suite 1100<br>Chicago, Illinois 60661<br><br>                Applicant,<br>       v.<br><br>InfoFox, LLC<br>20261 Acacia Street #200<br>Newport Beach, CA  92660<br><br>                Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   Misc. Action Number: |

**MEMORANDUM IN SUPPORT OF APPLICATION FOR AN
ORDER TO SHOW CAUSE AND AN ORDER REQUIRING
<u>COMPLIANCE WITH ADMINISTRATIVE SUBPOENAS</u>**

## I.    <u>INTRODUCTION</u>

Applicant, the U.S. Commodity Futures Trading Commission (the "Commission" or "CFTC") submits this Memorandum in Support of its Application for an Order to Show Cause and an Order Requiring Compliance with an Administrative Subpoena ("Application") with regard to subpoena *duces tecum* issued to InfoFox, LLC ("Respondent") on January 23, 2012 pursuant to the Commission's investigation entitled, "In the Matter of Certain Persons Engaged in Unlawful Retail Commodity Transactions."

Respondent has failed to: 1) provide documents as required by the administrative subpoena *duces tecum* issued by the Commission and duly served upon it as part of an on-going investigation being conducted by the Commission; 2) provide a notarized affidavit that

authenticates the materials and certifies that the production is complete as required by the administrative subpoena *duces tecum*; and 3) produce a privilege log for documents withheld from production on the basis of privilege that comports with Federal Rule of Civil Procedure 26(b)(5). The Commission requests, therefore, that the Court order Respondent to comply with the Commission's January 23, 2012 subpoena *duces tecum* ("January 23 Subpoena").

## II.     JURISDICTION AND VENUE

This Court has jurisdiction over an action to enforce a Commission subpoena pursuant to Section 6(c) of the Commodity Exchange Act (the "Act"), as amended, which states in pertinent part that:

> In case of contumacy by, or refusal to obey a subpoena issued to, any person, the Commission may invoke the aid of any court of the United States within the jurisdiction in which the investigation or proceeding is conducted, or where such person resides or transacts business, in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records.

7 U.S.C. § 15 (2006).

Because the attorneys and investigators working on the investigation are assigned to the Central Regional office of the Commission in Chicago, Illinois, the Commission's documents relating to the investigation are stored in the Commission's Chicago, Illinois office, and the subpoena was issued from, and is returnable to, Chicago, Illinois, venue is proper in the Northern District of Illinois.

## III.     RESPONDENT

Respondent InfoFox, LLC is a California Limited Liability Corporation with a principal place of business in Newport Beach, California. Respondent is not registered with the Commission.

## IV. STATEMENT OF FACTS

### A. Commission's Investigation

The Commission is an independent federal regulatory agency created by Congress on October 23, 1974 to administer and enforce the Act, as amended, 7 U.S.C. § 1 *et seq*. On November 15, 2011 the Commission issued a formal order of investigation entitled "In the Matter of Certain Persons Engaged in Unlawful Retail Commodity Transactions," (the "Order") pursuant to Sections 6(c) and 8(a)(1) of the Act, as amended, 7 U.S.C. §§ 15 and 12(a)(1). The Order was issued for, among other things, the purpose of determining whether any person, firm, or entity, in connection with retail commodity transactions has engaged, is engaging, or is about to engage in any acts or practices in violation of Sections 4(a), 4b, and/or 6(c)(1) of the Act and the Commission's Regulations ("Regulations"), 17 C.F.R. § 1.1 *et seq*. (2011). These provisions of the Act, among other things, prohibit fraud or the use of manipulative or deceptive devices in connection with retail commodity transactions. Pursuant to the Order, the Commission is investigating whether firms that are engaging in retail commodity transactions have violated or are violating the Act. The Order designates Division staff members to subpoena witnesses and compel their attendance, administer oaths and affirmations, take evidence, and require the production of any books, papers, correspondence, memoranda, records and other tangible things relevant or material to an investigation being conducted pursuant to Sections 6(c) and 8(a)(1) of the Act. *See* Declaration of Joseph A. Konizeski in Support of Application for an Order to Show Cause and an Order Requiring Compliance with Administrative Subpoena ("Konizeski Decl."), ¶¶ 2-3.

### B. The Subpoena at Issue

During the course of its investigation, the Division learned that Respondent provides lists of customer leads to certain retail commodity dealers. *Id*. ¶ 4. Information related to those

3

customer leads is relevant to the Division's investigation because it will assist the Division in determining how these retail commodity dealers solicit customers. *Id.*

The Division issued the January 23 Subpoena to Respondent requiring it to produce, on or before February 3, 2012, documents related to its relationship with a particular retail commodity dealer and its lead generation process. *See id.* ¶ 5. The Division lawfully served the January 23 Subpoena via U.S. Postal Service Certified Mail on Respondent at 20261 Acacia Street #200, Newport Beach, CA 92660. *Id.* As indicated by the numerous email messages from Respondent's counsel, Respondent had actual notice of the January 23 Subpoena. *See id.* ¶¶ 6, 8-9, 11-12.

### C. Respondent has Refused to Comply

The Division has incurred time and expense in working to get a response from Respondent to the January 23 Subpoena. As detailed in the Konizeski Declaration, Respondent's counsel repeatedly requested extensions of time and assured the Division that it would produce all responsive documents. *Id.* ¶¶ 6, 8-9, 11. The January 23 Subpoena has not been modified, altered or otherwise amended since it was issued. *Id.* ¶ 5. On April 16, 2012, however, Respondent's counsel complained for the first time that the January 23 Subpoena is "inclusive of virtually the entire documentary operations" of Respondent. *Id.* ¶ 12. Respondent's counsel also stated for the first time that Respondent will not produce the documents unless the Division provides it with additional information about the nature of the Commission's investigation and an assurance that the Respondent is not a "Target" or "Person of Interest." *Id.*

To date, Respondent has failed to produce any documents in response to the subpoena. *Id.* ¶ 6-12. Particularly, Respondent has failed to produce documents as required by the subpoena, a notarized affidavit authenticating said documents, a privilege log for documents withheld from production, or any objection to the subpoena.

## V. ARGUMENT

The Commission's authority to investigate whether there have been any violations of the Act and/or Regulations has been materially impeded by Respondent's refusal to comply with the January 23 Subpoena. The Commission's authority to conduct investigations and issue subpoenas is a broad "power of inquisition" approximating that of a grand jury, and that authority may be exercised "merely on suspicion that the law is being violated, or even just because [the Commission] wants assurance that it is not." *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950). An essential component of that power of investigation is the Commission's subpoena power. *See* 7 U.S.C. §§ 12, 15. The Commission, through its Divisions, "must be given substantial leeway" to investigate the affairs of those named in the Order (among others) so that it may ascertain whether they have "complied with or run afoul of" the Act or Regulations. *Collins v. CFTC*, 737 F. Supp. 1467, 1485 (N.D. Ill. 1990). Respondent's failure to comply with the subpoena served upon it materially impedes the Division's ability to make that determination.

Furthermore, "an administrative subpoena must be enforced if the information sought 'is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.'" *RTC v. Walde*, 18 F.3d 943, 946 (D.C. Cir. 1994) (quoting *Morton Salt*, 338 U.S. at 652). *See also RTC v. Frates*, 61 F.3d 962-964, (D.C. Cir. 1995); *In re Sealed Case (Administrative Subpoena)*, 42 F.3d 1412, 1415-16 (D.C. Cir. 1994); *EEOC v. C&P Telephone Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993). As discussed in detail below, the subpoena served upon Respondent complies fully with those criteria.

### A. The Investigation Is Authorized by Section 8(a) of the Act, 7 U.S.C. §12(a)

Pursuant to the Order, the Division is investigating whether certain persons have engaged or are engaging in any acts or practices in violation of Section 4(a) (illegal off-exchange futures

transactions); Section 4b (anti-fraud); and/or Section 6(c)(1) (manipulation and deceptive devices) of the Act. The authority to investigate whether violations have occurred is set forth clearly in Sections 6(c) and 8(a) of the Act, pursuant to which the Order was issued. In another Commission subpoena enforcement action, the district court held that:

> [t]he purpose of the investigation is authorized by the provision of Section 8(a) of the Act, 7 U.S.C. §12(a), in that the Commission is investigating possible violations of . . . the Act. The information sought is relevant to the broad purposes of the investigation . . . [a]nd the Act grants the Commission the authority to subpoena witnesses and to seek judicial enforcement of such subpoenas. 7 U.S.C. §15.

*CFTC v. Harker*, 615 F. Supp. 420, 424 (D.D.C. 1985). The same applies here, and the Court should find that the Division's investigation is authorized by Section 8(a) of the Act.

### B. The Commission's Demand for Documents was not Indefinite

There was nothing indefinite or ambiguous about the subpoena served upon Respondent. The subpoena *duces tecum* called for Respondent to produce documents that were clearly categorized and limited to its relationship with a particular retail commodity dealer and its lead generation process. Respondent has never raised an objection to the January 23 Subpoena on the grounds of it being indefinite or ambiguous, and its contention in the April 16, 2012 letter that the subpoena is "inclusive of virtually the entire documentary operations" of Respondent is plainly wrong.

### C. The Documents Sought are Relevant to the Investigation

The production of documents by Respondent is relevant to the Division's investigation of possible violations of the Act. The standard for determining relevancy of an administrative subpoena in an investigatory proceeding "is more relaxed than in an adjudicatory one …. The requested material, therefore, need only be relevant to the investigation-- the boundary of which may be defined quite generally." *RTC v. Walde*, 18 F.3d at 947 (quoting *FTC v. Invention*

*Submission Corp.*, 965 F.2d 1086, 1090 (D.C. Cir. 1992) (citations omitted)). A federal "agency's own appraisal of relevancy must be accepted so long as it is not 'obviously wrong.'" *Invention Submission Corp.*, 965 F.2d at 1089, *accord RTC v. Burke*, 869 F. Supp. 15, 17 (D.D.C. 1994); *RTC v. Silveous*, 812 F. Supp. 244, 245 (D.D.C. 1993).

During the course of its investigation, the Division has learned that Respondent, which provides lists of customer leads to certain retail commodity dealers, is likely in possession of documents relevant to the investigation. Respondent has admitted that it does, indeed, possess documents responsive to the January 23 Subpoena. These documents will greatly assist the Commission in determining whether any violations of the Act and Regulations have occurred. Accordingly, the documents at issue are more than "reasonably relevant" to the Commission's investigation. *Linde Thompson Langworthy Kohn & Van Dyke, P.C. v. RTC*, 5 F.3d 1508, 1516-17 (D.C. Cir. 1993) (affirming enforcement of a subpoena *duces tecum*).

Furthermore, there is not only no legal basis for Respondent's recent demand for additional information regarding the Division's investigation, but the Division is barred by Section 8 of the Act, 7 U.S.C. § 12, from releasing information about its investigation to Respondent. The documents requested in the January 23 Subpoena are relevant to the Division's investigation and Respondent has failed to raise any legitimate objection to the subpoena.

## VI.     CONCLUSION

For the foregoing reasons, this Court should issue an Order to show cause requiring Respondent to appear and demonstrate why an Order should not be entered compelling Respondent to produce documents, records, correspondence, and a notarized affidavit that authenticates the materials and certifies that the production is complete. Should no good cause

7

be shown, this Court should order Respondent to fully and completely comply in all respects with the Commission subpoena.

Dated:	June 8, 2012	Respectfully submitted,

/s/ Jennifer E. Smiley
Jennifer E. Smiley
Scott Williamson
Rosemary Hollinger
U.S. COMMODITY FUTURES
TRADING COMMISSION
Division of Enforcement
525 West Monroe Street, Suite 1100
Chicago, IL  60661
(312) 596-0530 (Smiley)
(312) 596-0714 (facsimile)
jsmiley@cftc.gov
