IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of an Application to<br>Enforce an Administrative Subpoena of the<br><br>U.S. Commodity Futures Trading Commission<br>525 West Monroe Street, Suite 1100<br>Chicago, Illinois 60661<br><br>      Applicant,<br>   v.<br><br>InfoFox, LLC<br>20261 Acacia Street #200<br>Newport Beach, CA 92660<br><br>      Respondent. | Misc. Action Number: |

**DECLARATION OF JOSEPH A. KONIZESKI PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF AN APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUPOENA**

I, Joseph A. Konizeski, do hereby declare as follows:

1. I am over 21 years of age and have personal knowledge of the facts and circumstances described herein. I am a Chief Trial Attorney with the Division of Enforcement ("Division") of the U.S. Commodity Futures Trading Commission ("Commission"), in the Central Regional Office located at 525 West Monroe Street, Suite 1100, Chicago, Illinois, 60661.

2. On November 15, 2011, the Commission issued a formal order of investigation entitled "In the Matter of Certain Persons Engaged in Unlawful Retail Commodity Transactions" (the "Order") pursuant to Section 6(c) and 8(a)(1) of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 15 and 12(a)(1), designating Division staff members to subpoena witnesses and

compel their attendance, administer oaths and affirmations, take evidence, and require the production of any books, papers, correspondence, memoranda, records, and other tangible things relevant or material to an investigation being conducted. *See* Exhibit A.

3. The Order, pursuant to Section 11.2 of the Commission's Regulations ("Regulations"), 17 C.F.R. §§ 11.2, authorized me and other individuals in the Division to issue subpoenas and take testimony for the purposes of determining whether any person, firm, or entity, in connection with retail commodity transactions, has engaged, is engaging, or is about to engage in any acts or practices in violation of Sections 4(a), 4b or 6(c) of the Act or other acts or practices in violation of any other provisions of the Act or the Regulations.

4. During the course of the investigation, the Division learned that InfoFox, LLC ("Respondent") is likely in possession of documents relevant to the investigation. Respondent provides lists of customer leads to certain retail commodity dealers. Information related to those customer leads is relevant to the Division's investigation because it will assist the Division in determining how retail commodity dealers solicit customers.

5. On January 23, 2012, pursuant to the Order, I issued a subpoena *duces tecum* ("January 23 Subpoena") to Respondent via U.S. Postal Service Certified Mail to 20261 Acacia Street #200, Newport Beach, CA 92660. *See* Exhibit B. The January 23 Subpoena required Respondent to produce, on or before February 3, 2012, documents related to its relationship with a particular retail commodity dealer and its lead generation process. *Id.* There have been no modifications to the January 23 Subpoena, either in the scope of the document requests, or the manner in which such documents must be produced.

6. The Division has incurred time and expense in working to get a response from Respondent to the January 23 Subpoena. On February 3, 2012, I received a letter from

Respondent's counsel which stated that Respondent "fully intends to cooperate" with the January 23 Subpoena and requesting an extension of time until February 13, 2012 to produce responsive documents. *See* Exhibit C. I did not agree to that request for an extension of time, but, as a matter of professional courtesy, did not immediately initiate subpoena enforcement proceedings.

7. Respondent did not produce any documents on February 13, 2012. On March 8, 2012, I sent Respondent's counsel an email requesting production of all responsive documents. *See* Exhibit D.

8. On March 26, 2012, I received an email from the assistant to Respondent's counsel, stating that counsel planned to "take care of" this matter and call me the next day. *See* Exhibit E. I did not receive a call from Respondent's counsel on March 27.

9. On March 29, 2012, I received another email from the assistant to Respondent's counsel which stated that counsel was "waiting on one more piece of information from our client in order to send [the Division] the written response you are entitled to" and would send me the responsive documents the next day. *See* Exhibit F. I did not receive any documents on March 30, 2012.

10. On April 10, 2012 I sent Respondent's counsel a letter demanding production of all responsive documents by no later than noon on April 12, 2012 and indicating that the Division would file a legal action if Respondent failed to produce the documents. *See* Exhibit G.

11. On April 11, 2012, I received an email from the assistant to Respondent's counsel requesting an extension to April 13, 2012 and confirming that I would receive the documents by that date. *See* Exhibit H. I did not receive any documents on April 13, 2012.

3

12. On April 16, 2012, after I inquired about the status of the documents, I received a letter from Respondent's counsel. *See* Exhibit I. For the first time, Respondent's counsel expressed concerns about the January 23 Subpoena, claiming that it is "inclusive of virtually the entire documentary operations" of Respondent. In addition, Respondent's counsel demanded that the Division provide additional information regarding (a) the nature of the Division's investigation; and (b) whether Respondent is considered a "Target" or a "Person of Interest" in the investigation. *Id.* Respondent's counsel also demanded a written statement confirming that Respondent is not a "Target" or "Person of Interest," stating that if the Division could provide such a statement "we will make all immediate efforts to cooperate with your request. In the absence of your ability to provide the requested statement . . . we will need to advise or [*sic*] client appropriately." *Id.* Respondent did not cite any legal authority in support of its claim that the Commission must provide such information before complying with the January 23 Subpoena. *See id.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 6/7/12

Joseph A. Konizeski

4